Arrow Financial Services
PO Box 1206
Oaks, PA 19456

Banco Popular North America
8523 Commodity Circle
Orland, FL 32819

BP Amoco Citi Cards
PO Box 9014
De Moines, IL 50368

Capital One
PO Box 60000
Seattle, WA 98190

Citi Cards
PO Box 6415
The Lakes, NV 88901

Elmhurst Hospital
Merchants Credit
223 W. Jackson Blvd.
Chicago, IL 60606

FBCS
841 E. Hunting Park
Philadelphia, PA 19124-4824

FIRST RESOLUTION INVESTMENT, CORP.
C/O KEITH S.SHINDLER, ESQ.
1040 S. MILWAUKEE AVE.
WHEELING, IL 60090

GENERAL MOTORS ACCEPTANCE CORP.
PO BOX 3100
MIDLAND, TX 79702-3100

PFG of Minnesota
7825 Washington Ave S Ste 410
Minneapolis, MN 55439-2409


Plaza Associates
PO Box 18008
Hauppauge, NY 11788-8808


RESURGENCE FINANCIAL, LLC
4100 COMMERCIAL AVENUE
NORTHBROOK, IL 60062


Retailers National Bank
Marshall Field's
PO Box 59231
Minneapolis, MN 55459


Retailers National Bank
Target
PO Box 59231
Minneapolis, MN 55459


Sears
PO Box 182149
Columbus, OH 43218


The Moorings Apartment
571 Plum Grove Road
Roselle, IL 60172


T-Mobile
PO Box 742596
Cincinnati, OH 45274


Wal-Mart
P.O. Box 960023
Orlando, FL 32896

```
WFNNB
Avenue
PO Box 659584
San Antonio, TX 788265-9584


WFNNB
Lane Bryant Retail
P.O. Box 659728
San Antonio, TX 78265-9728
```

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:    **RITA A CASTRO**

Debtor

Case No. _____

Chapter **7** _____

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of **3** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: **8/13/2007**

Signed: **s/ RITA A CASTRO**
**RITA A CASTRO**

Signed: _____
**Bennett R. Klasky**
Attorney for Debtor(s)
Bar no.:
**Law Offices of Alan Fridman/B. Klasky**
**555 Skokie Blvd.**
**Ste. 500**
**Northbrook, IL**
**60062**
Telephone No.:     **847-480-1020**
Fax No.:
E-mail address:

**(Official Form 1) (10/05)**

| United States Bankruptcy Court<br>Northern District of Illinois<br>Eastern Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**CASTRO, RITA A** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|

| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**7225** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, and State)<br>**1500 ROBIN CIRCLE UNIT 313**<br>**HOFFMAN ESTATES, IL**<br>ZIPCODE **60169** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIPCODE |
|---|---|

| County of Residence or of the Principal Place of Business:<br>**USA** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
|---|---|

Location of Principal Assets of Business Debtor (if different from street address above):
ZIPCODE

---

**Type of Debtor** (Form of Organization)
**(Check one** box.)

- ☒ Individual (includes Joint Debtors)
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)
  State type of entity: _____

**Nature of Business**
(Check all applicable boxes)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3)

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☒ Consumer/Non-Business
- ☐ Business

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

---

**Filing Fee** (Check one box)

- ☒ Full Filing Fee Attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

---

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**(Official Form 1) (10/05)**    **FORM B1, Page 2**

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **RITA A CASTRO** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:    **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made a part of this petition. | X _____    **8/13/2007** Signature of Attorney for Debtor(s)    Date **Bennett R. Klasky** |

| **Exhibit C** | **Certification Concerning Debt Counseling by Individual/Joint Debtor(s)** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? | ☑ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition. |
| ☑ Yes, and Exhibit C is attached and made a part of this petition. ☐ No | ☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances (Must attach certification describing). |

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|
| **Venue** (Check any applicable box) |
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property** *Check all applicable boxes.* |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following). |
| _____ (Name of landlord that obtained judgment) |
| _____ (Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☑ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition. |

(Official Form 1) (10/05) **FORM B1, Page 3**

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **RITA A CASTRO** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition]- I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ RITA A CASTRO**
Signature of Debtor      **RITA A CASTRO**

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
**8/13/2007**
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

**Bennett R. Klasky,**
Printed Name of Attorney for Debtor(s) / Bar No.

**Law Offices of Alan Fridman/B. Klasky**
Firm Name

**555 Skokie Blvd.  Ste. 500**
Address

**Northbrook, IL  60062**

**847-480-1020**
Telephone Number

**8/13/2007**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative of a Recognized Foreign Proceeding

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: I) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) 1 prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C.§110 setting a maximum fee for services chargeable by bankruptcy petition prepares, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.)

_____
Address

_____

X **Not Applicable**
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer 's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

FORM B6A
(10/05)

In re: **RITA A CASTRO** _____.     **Case No.** _____
             **Debtor**                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |

Total   ➢        **0.00**

(Report also on Summary of Schedules.)

FormB6B
(10/05)

In re  **RITA A CASTRO** _____,      Case No. _____

Debtor                                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **JP MORGAN CHASE BANK** | | 50.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **J.J. PATEL, LANDLORD FOR APARTMENT** | | 900.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **TV, COUCH, BED, ETC.** | | 400.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | | | 0.00 |
| Wearing apparel. | | **MISC. WEARING APPAREL** | | 300.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | **401 (K) (1) $20,000.00 (2) $  1,000.00** | | 24,000.00 |
| | | | | |

Form B6B-Cont.
(10/05)

In re   **RITA A CASTRO**                                                  Case No. _____
                            Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| | | | | |

Form B6B-Cont.
(10/05)

In re   **RITA A CASTRO** _____,   Case No. _____
                    Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | | | 0.00 |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 SATURN ION** | | **4,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_2_   continuation sheets attached          Total   ➤   **$ 29,650.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Form B6C
(10/05)

In re  **RITA A CASTRO**                                          **Case No.** _____
                          Debtor                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                              $125,000.
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **2003 SATURN ION** | **735 ILCS 5/12-1001(c)** | **1,350.00** | **4,000.00** |
| | **735 ILCS 5/12-1001(b)** | **2,650.00** | |
| **401 (K) (1) $20,000.00** **(2) $ 1,000.00** | **740 ILCS 170/4** | **24,000.00** | **24,000.00** |
| **J.J. PATEL, LANDLORD FOR APARTMENT** | **735 ILCS 5/12-1001(b)** | **900.00** | **900.00** |
| **JP MORGAN CHASE BANK** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |
| **MISC. WEARING APPAREL** | **735 ILCS 5/12-1001(a),(e)** | **0.00** | **300.00** |
| **TV, COUCH, BED, ETC.** | **735 ILCS 5/12-1001(b)** | **400.00** | **400.00** |

FORM B6D
(10/05)

In re: **RITA A CASTRO** _____ .          **Case No.** _____
                              Debtor                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

❑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **154903070153** **GENERAL MOTORS ACCEPTANCE CORP. PO BOX 3100 MIDLAND, TX 79702-3100** | | | 04/01/2003 **VALUE $3,000.00** | | | | 3,000.00 | 3,000.00 |

<u>0</u> Continuation sheets attached

|  |  |
|---|---|
| **Subtotal** ➤ (Total of this page) | **$3,000.00** |
| **Total** ➤ (Use only on last page) | **$3,000.00** |

(Report total also on Summary of Schedules)

Form B6E
(10/05)

In re   **RITA A CASTRO**                                      Case No. _____

                        Debtor                                                  (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☑ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                     1   Continuation sheets attached

Form B6E -Cont.
(10/05)

In re    **RITA A CASTRO**                                                                   Case No. _____
                        Debtor                                                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### Type of Priority:  Extensions of Credit in an Involuntary Case

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **R0037680**<br>**RESURGENCE FINANCIAL, LLC**<br>**4100 COMMERCIAL AVENUE**<br>**NORTHBROOK, IL 60062** | | | **JUDGMENT 12-19-06** | | | | **12,458.66** | **8,159.00** |

Sheet no. <u>1</u> of <u>1</u> sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal ➤ (Total of this page) | **$12,458.66** | **$8,159.00** |
| Total ➤ (Use only on last page of the completed Schedule E.) | **$12,458.66** | **$8,159.00** |

(Report total also on Summary of Schedules)

Form B6F (10/05)

In re __**RITA A CASTRO**_____   Case No. _____
                              Debtor                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **27959846**<br><br>**Arrow Financial Services**<br>**PO Box 1206**<br>**Oaks, PA 19456** | | | **CREDIT CARD-CITI BANK** | | | | 686.53 |
| ACCOUNT NO. **600000084289**<br><br>**Banco Popular North America**<br>**8523 Commodity Circle**<br>**Orland, FL 32819** | | | **CREDIT CARD** | | | | 1,622.63 |
| ACCOUNT NO. **5840470610**<br><br>**BP Amoco Citi Cards**<br>**PO Box 9014**<br>**De Moines, IL 50368** | | | **GAS CHARGE CARD** | | | | 880.71 |
| ACCOUNT NO. **4121711483249202**<br><br>**Capital One**<br>**PO Box 60000**<br>**Seattle, WA 98190** | | | **CREDIT CARD** | | | | 3,970.58 |
| ACCOUNT NO. **4621201020326778**<br><br>**Citi Cards**<br>**PO Box 6415**<br>**The Lakes, NV 88901** | | | **CREDIT CARD** | | | | 7,965.41 |

  _3_   Continuation sheets attached

Subtotal ➤

Total ➤
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

$15,125.86

Form B6F - Cont.
(10/05)

In re __**RITA A CASTRO**_____    Case No. _____
                                        Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF. SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **002921509**<br><br>**Elmhurst Hospital Merchants Credit 223 W. Jackson Blvd. Chicago, IL 60606** | | | **MEDICAL BILL** | | | | **312.00** |
| ACCOUNT NO.   **65554743**<br><br>**FBCS 841 E. Hunting Park Philadelphia, PA 19124-4824** | | | **CREDIT CARD** | | | | **1,501.16** |
| ACCOUNT NO.   **case# 07-SC-001499**<br><br>**FIRST RESOLUTION INVESTMENT, CORP. C/O KEITH S.SHINDLER, ESQ. 1040 S. MILWAUKEE AVE. WHEELING, IL 60090** | | | **CREDIT CARD** | | | | **1,886.25** |
| ACCOUNT NO.   **262819**<br><br>**PFG of Minnesota 7825 Washington Ave S Ste 410 Minneapolis, MN 55439-2409** | | | **CREDIT CARD** | | | | **705.95** |
| ACCOUNT NO.   **51398171-11**<br><br>**Plaza Associates PO Box 18008 Hauppauge, NY 11788-8808** | | | | | | | **1,074.12** |

Sheet no. _1_ of _3_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal   ➤
(Total of this page)

$5,479.48

Total   ➤
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

Form B6F - Cont.
(10/05)

In re   **RITA A CASTRO** _____     Case No. _____
                                    Debtor                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF. SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **920200035490** <br><br> **Retailers National Bank** <br> **Target** <br> **PO Box 59231** <br> **Minneapolis, MN 55459** | | | **REVOLVING CHARGE CARD** | | | | 1,053.68 |
| ACCOUNT NO.   **335306612710** <br><br> **Retailers National Bank** <br> **Marshall Field's** <br> **PO Box 59231** <br> **Minneapolis, MN 55459** | | | **REVOLVING CHARGE CARD** | | | | 652.73 |
| ACCOUNT NO.   **0176013694045** <br><br> **Sears** <br> **PO Box 182149** <br> **Columbus, OH 43218** | | | **REVOLVING CHARGE CARD** | | | | 1,816.00 |
| ACCOUNT NO. <br><br> **The Moorings Apartment** <br> **571 Plum Grove Road** <br> **Roselle, IL 60172** | | | **RENT FOR LAST RESIDENTIAL APARTMENT LEASE** | | | | 2,735.88 |
| ACCOUNT NO.   **382808708** <br><br> **T-Mobile** <br> **PO Box 742596** <br> **Cincinnati, OH 45274** | | | **CELL PHONE** | | | | 705.95 |

Sheet no.  2  of  3  sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

**$6,964.24**

Total ➤
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

Form B6F - Cont.
(10/05)

In re **RITA A CASTRO** _____,  Case No. _____
                                    Debtor                                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6032207001001478** <br><br> **Wal-Mart** <br> **P.O. Box 960023** <br> **Orlando, FL 32896** | | | **CHARGE CARD** | | | | **609.58** |
| ACCOUNT NO. **065554743** <br><br> **WFNNB** <br> **Lane Bryant Retail** <br> **P.O. Box 659728** <br> **San Antonio, TX 78265-9728** | | | **CHARGE CARD** | | | | **1,333.18** |
| ACCOUNT NO. **145215661** <br><br> **WFNNB** <br> **Avenue** <br> **PO Box 659584** <br> **San Antonio, TX 788265-9584** | | | **CHARGE CARD** | | | | **499.06** |

Sheet no. _3_ of _3_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ | $2,441.82
(Total of this page)

Total ➤ | $30,011.40
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

**Bennett R. Klasky**
**Law Offices of Alan Fridman/B. Klasky**
**555 Skokie Blvd.**
**Ste. 500**
**Northbrook, IL**
**60062**
  **847-480-1020**
**Attorney for the Petitioner(s)**

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

### Eastern Division

In Re:
Debtor:  **RITA A CASTRO**
Social Security Number:  **7225**

Case No:

Chapter **7**

Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| **1.**  **Arrow Financial Services**<br>**PO Box 1206**<br>**Oaks, PA 19456** | **Unsecured Claims** | **$   686.53** |
| **2.**  **Banco Popular North America**<br>**8523 Commodity Circle**<br>**Orland, FL 32819** | **Unsecured Claims** | **$ 1,622.63** |
| **3.**  **BP Amoco Citi Cards**<br>**PO Box 9014**<br>**De Moines, IL 50368** | **Unsecured Claims** | **$   880.71** |
| **4.**  **Capital One**<br>**PO Box 60000**<br>**Seattle, WA 98190** | **Unsecured Claims** | **$ 3,970.58** |
| **5.**  **Citi Cards**<br>**PO Box 6415**<br>**The Lakes, NV 88901** | **Unsecured Claims** | **$ 7,965.41** |

In re:   **RITA A CASTRO**                                        Case No. _____

| 6. | **Elmhurst Hospital**<br>**Merchants Credit**<br>**223 W. Jackson Blvd.**<br>**Chicago, IL 60606** | **Unsecured Claims** | $   312.00 |
| 7. | **FBCS**<br>**841 E. Hunting Park**<br>**Philadelphia, PA 19124-4824** | **Unsecured Claims** | $ 1,501.16 |
| 8. | **FIRST RESOLUTION INVESTMENT, CORP.**<br>**C/O KEITH S.SHINDLER, ESQ.**<br>**1040 S. MILWAUKEE AVE.**<br>**WHEELING, IL 60090** | **Unsecured Claims** | $ 1,886.25 |
| 9. | **GENERAL MOTORS ACCEPTANCE CORP.**<br>**PO BOX 3100**<br>**MIDLAND, TX 79702-3100** | **Secured Claims** | $ 3,000.00 |
| 10. | **PFG of Minnesota**<br>**7825 Washington Ave S Ste 410**<br>**Minneapolis, MN 55439-2409** | **Unsecured Claims** | $   705.95 |
| 11. | **Plaza Associates**<br>**PO Box 18008**<br>**Hauppauge, NY 11788-8808** | **Unsecured Claims** | $ 1,074.12 |
| 12. | **RESURGENCE FINANCIAL, LLC**<br>**4100 COMMERCIAL AVENUE**<br>**NORTHBROOK, IL 60062** | **Priority Claims** | $ 12,458.66 |
| 13. | **Retailers National Bank**<br>**Marshall Field's**<br>**PO Box 59231**<br>**Minneapolis, MN 55459** | **Unsecured Claims** | $   652.73 |
| 14. | **Retailers National Bank**<br>**Target**<br>**PO Box 59231**<br>**Minneapolis, MN 55459** | **Unsecured Claims** | $ 1,053.68 |

In re:     **RITA A CASTRO**                                                    Case No. _____

| | | | |
|---|---|---|---|
| **15.** | **Sears**<br>**PO Box 182149**<br>**Columbus, OH 43218** | **Unsecured Claims** | **$ 1,816.00** |
| **16.** | **The Moorings Apartment**<br>**571 Plum Grove Road**<br>**Roselle, IL 60172** | **Unsecured Claims** | **$ 2,735.88** |
| **17.** | **T-Mobile**<br>**PO Box 742596**<br>**Cincinnati, OH 45274** | **Unsecured Claims** | **$ 705.95** |
| **18.** | **Wal-Mart**<br>**P.O. Box 960023**<br>**Orlando, FL 32896** | **Unsecured Claims** | **$ 609.58** |
| **19.** | **WFNNB**<br>**Avenue**<br>**PO Box 659584**<br>**San Antonio, TX 788265-9584** | **Unsecured Claims** | **$ 499.06** |
| **20.** | **WFNNB**<br>**Lane Bryant Retail**<br>**P.O. Box 659728**<br>**San Antonio, TX 78265-9728** | **Unsecured Claims** | **$ 1,333.18** |

In re:    **RITA A CASTRO**                                    Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)


# DECLARATION


 I, **RITA A CASTRO** , named as debtor in this case, declare under penalty of perjury that I have
have read the foregoing Numbered Listing of Creditors, consisting of **3 sheets** (not including this declaration), and that it is true to
the best of my information and belief.



Signature:    **s/ RITA A CASTRO** _____

**RITA A CASTRO**

Dated:    __8/13/2007_____

Form B6G
(10/05)

In re: <u>**RITA A CASTRO**</u>                                    ,     Case No. _____
                              **Debtor**                                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **J.J. PATEL**<br>**7515 ARCADIA STREET**<br>**MORTON GROVE, IL 60653** | **WRITTEN LEASE FOR APARTMENT**<br>**10/01/06 TO 09/30/07**<br>**$900.00 PER MONTH** |

Form B6H
(10/05)

In re: **RITA A CASTRO**                                    Case No. _____
_____                              **(If known)**
                    **Debtor**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Form B6I
(10/05)

In re **RITA A CASTRO**                                    Case No. _____

_____
                    **Debtor**                                                              **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **DIVORCED** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | **DAUGHTER** | **16** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **PROJECT MANAGER** | |
| Name of Employer | **LARSON EQUIPMENT  & FURNITURE CO.** | |
| How long employed | | |
| Address of Employer | **403 S. VERMONT**<br>**PALATINE, IL 60067** | |

Income: (Estimate of average monthly income)

|  | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 3,583.00 | $ |
| 2. Estimate monthly overtime | $ 0.00 | $ |
| 3. SUBTOTAL | $ 3,583.00 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 924.84 | $ |
| b. Insurance | $ 271.33 | $ |
| c. Union dues | $ 0.00 | $ |
| d. Other (Specify)   **AFLAC 401K** | $ 71.93 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,268.10 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,314.90 | $ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ |
| 8. Income from real property | $ 0.00 | $ |
| 9. Interest and dividends | $ 0.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| 11. Social security or other government assistance (Specify) | $ 0.00 | $ |
| 12. Pension or retirement income | $ 0.00 | $ |
| 13. Other monthly income (Specify) | $ 0.00 | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ |
| 15. TOTAL MONTHLY INCOME (add amounts shown on lines 6 and 14) | $ 2,314.90 | $ |

16. TOTAL COMBINED MONTHLY INCOME        $ 2,314.90

(Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE**

_____

Form B6J
(10/05)

In re **RITA A CASTRO** _____,      Case No. _____
                          **Debtor**                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of
     expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 900.00 |
|     a. Are real estate taxes included?    Yes _____   No ✓ | | |
|     b. Is property insurance included?    Yes _____   No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 50.00 |
|     b. Water and sewer | $ | 0.00 |
|     c. Telephone | $ | 188.00 |
|     d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 75.00 |
| 6. Laundry and dry cleaning | $ | 20.00 |
| 7. Medical and dental expenses | $ | 100.00 |
| 8. Transportation (not including car payments) | $ | 100.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 40.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 0.00 |
|     b. Life | $ | 0.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 89.00 |
|     e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 264.54 |
|     b. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance or support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other _____ | $ | 0.00 |

| | | |
|---|---|---|
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 2,326.54 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
|     a. Total monthly income from Line 16 of Schedule I | $ | 2,314.90 |
|     b. Total monthly expenses from Line 18 above | $ | 2,326.54 |
|     c. Monthly net income (a. minus b.) | $ | -11.64 |

Form 6-Summ2

(10/05)

## United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

In re  **RITA A CASTRO**

_____
Debtor

Case No. _____

Chapter  **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 U.S.C. § 159)
## [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | **0.00** |
| Student Loan Obligations (from Schedule F) | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | **0.00** |
| TOTAL | **$ 0.00** |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**
**Eastern Division**

In re:   **RITA A CASTRO**                                    Case No. _____

Chapter   **7**

# BUSINESS INCOME AND EXPENSES

<u>FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS</u> (NOTE: <u>ONLY INCLUDE</u> information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

   1. Gross Income For 12 Months Prior to Filing:                  $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE <u>GROSS</u> MONTHLY INCOME:

   2. Gross Monthly Income:                                                           $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

   3. Net Employee Payroll (Other Than Debtor)          $ _____ **0.00**
   4. Payroll Taxes                                                        _____ **0.00**
   5. Unemployment Taxes                                          _____ **0.00**
   6. Worker's Compensation                                      _____ **0.00**
   7. Other Taxes                                                       _____ **0.00**
   8. Inventory Purchases (Including raw  materials)          _____ **0.00**
   9. Purchase of Feed/Fertilizer/Seed/Spray                  _____ **0.00**
  10. Rent (Other than debtor's principal residence)          _____ **0.00**
  11. Utilities                                                             _____ **0.00**
  12. Office Expenses and Supplies                               _____ **0.00**
  13. Repairs and Maintenance                                   _____ **0.00**
  14. Vehicle Expenses                                              _____ **0.00**
  15. Travel and Entertainment                                   _____ **0.00**
  16. Equipment Rental and Leases                             _____ **0.00**
  17. Legal/Accounting/Other Professional Fees           _____ **0.00**
  18. Insurance                                                          _____ **0.00**
  19. Employee Benefits (e.g., pension, medical, etc.)      _____ **0.00**
  20. Payments to Be Made Directly By Debtor to Secured Creditors For
      Pre-Petition Business Debts (Specify):
      **None**                                                            _____

  21. Other (Specify):

      **None**                                                            _____

  22. Total Monthly Expenses (Add items 3 - 21)              $ _____ **0.00**

PART D - ESTIMATED AVERAGE <u>NET</u> MONTHLY INCOME:

  23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)          $ _____ **0.00**

**Form 6- Summary**
**(10/05)**

# United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

In re  **RITA A CASTRO** _____,
                              Debtor

Case No. _____

Chapter     _7_ _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $          0.00 | | |
| B - Personal Property | YES | 3 | $     29,650.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $     3,000.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $    12,458.66 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $    30,011.40 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $    2.314.90 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $    2.326.54 |
| **Total** | | | $     29,650.00 | $    45,470.06 | |

Official Form 6 - Decl.
(10/05)

In re  **RITA A CASTRO** _____     Case No. _____
                          **Debtor**                                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**18**_____

sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)

Date:  **8/13/2007** _____     Signature:  **s/ RITA A CASTRO** _____
                                                      **RITA A CASTRO**

[If joint case, both spouses must sign]


## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**
**Eastern Division**

In re:  **RITA A CASTRO** _____,    Case No. _____

Debtor                                                              (If known)

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **42,526.00** | **LARSON EQUIPMENT FURNITURE** | **2005** |
| **43,352.00** | **LARSON EQUIPMENT FURNITURE** | **2006** |
| **27,275.00** | **LARSON EQUIPMENT FURNITURE** | **2007 TO JULY 15, 2007** |

## 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a.    *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Form 7-Cont.
(10/05)

None
☑

b.   *Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☑

c.   *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

## 4.   Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **RESURGENCE FINANCIAL LLC V. RITA CASTRO**<br><br>**05 MI 152128** | **COLLECTION** | **CIRCUIT COURT OF COOK COUNTY FIRST MUNICIPAL DISTRICT** | **GARNISHMEN T $314.22** |
| **FIRST RESOLUTION INVESTMENT CORP. V. RITA CASTRO**<br>**2007 SC 1499** | **COLLECTION** | **DU PAGE COUNTY** | **SERVED BUT NO JUDGMENT** |

b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☐

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **RESURGENCE FINANCIAL LLC 4100 COMMERCIAL AVE NORTHBROOK, IL 60062** | | **GARNISHMENT $292.50** |

Form 7-Cont.
(10/05)

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale,
transferred through a deed in lieu of foreclosure or returned to the seller, within **one year**
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR OR SELLER | DATE OF REPOSSESSION,<br>FORECLOSURE SALE<br>TRANSFER OR RETURN | DESCRIPTION<br>AND VALUE OF<br>PROPERTY |
| --- | --- | --- |

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days**
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include any assignment by either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF ASSIGNEE | DATE OF<br>ASSIGNMENT | TERMS OF<br>ASSIGNMENT<br>OR SETTLEMENT |
| --- | --- | --- |

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official
within **one year** immediately preceding the commencement of this case.  (Married debtors filing
under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

None
☑

| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND ADDRESS<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION<br>AND VALUE OF<br>PROPERTY |
| --- | --- | --- | --- |

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the
commencement of this case except ordinary and usual gifts to family members aggregating less
than $200 in value per individual family member and charitable contributions aggregating less
than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts
or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF PERSON<br>OR ORGANIZATION | RELATIONSHIP<br>TO DEBTOR,<br>IF ANY | DATE<br>OF GIFT | DESCRIPTION<br>AND VALUE OF<br>GIFT |
| --- | --- | --- | --- |

Form 7-Cont.
(10/05)

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding
the commencement of this case **or since the commencement of this case**.  (Married debtors filing
under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION | DESCRIPTION OF CIRCUMSTANCES AND, IF | |
| AND VALUE OF | LOSS WAS COVERED IN WHOLE OR IN PART | DATE OF |
| PROPERTY | BY INSURANCE, GIVE PARTICULARS | LOSS |

## 9.   Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons,
including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law
or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement
of this case.

| NAME AND ADDRESS | DATE OF PAYMENT, | AMOUNT OF MONEY OR |
| OF PAYEE | NAME OF PAYOR IF | DESCRIPTION AND VALUE |
| | OTHER THAN DEBTOR | OF PROPERTY |
| **CONSUMER CREDIT COUNSELING** | **JULY  20, 2007** | **50.00** |
| **SERVICE** | | |
| **OF MCHENRY COUNTY ILLINOIS** | | |
| **400 RUSSELL COURT** | | |
| **WOODSTOCK, IL 60098** | | |

## 10.  Other transfers

None
☑

a.   List all other property, other than property transferred in the ordinary course of the business or
financial affairs of the debtor, transferred either absolutely or as security within **two years**
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include transfers by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| | | DESCRIBE PROPERTY |
| NAME AND ADDRESS OF TRANSFEREE, | | TRANSFERRED |
| RELATIONSHIP TO DEBTOR | DATE | AND VALUE RECEIVED |

None
☑

b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case
to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER | DATE(S) OF | AMOUNT OF MONEY OR DESCRIPTION |
| DEVICE | TRANSFER(S) | AND VALUE OF PROPERTY OR DEBTOR'S |
| | | INTEREST IN PROPERTY |

Form 7-Cont.
(10/05)

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of
the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding
the commencement of this case.  Include checking, savings, or other financial accounts,
certificates of deposit, or other instruments; shares and share accounts held in banks, credit
unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information
concerning accounts or instruments held by or for either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities,
cash, or other valuables within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor
within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include information concerning either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all
premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a
joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **1059 STONEHEDGE DRIVE SCHAUMBURG, IL** | **RITA CASTRO** | **10/2004-09/30/2006** |

Form 7-Cont.
(10/05)

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List  the  name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Form 7-Cont.
(10/05)

## 18.  Nature, location and name of business

None
☑

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE  EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|------|

* * * * * *

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **8/13/2007**

Signature
of Debtor

**s/ RITA A CASTRO**
**RITA A CASTRO**

Form 8
(10/05)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois
### Eastern Division

In re: **RITA A CASTRO**

_____
Debtor

Case No. _____

Chapter    **7**    _____

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑  I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☑  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☑  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1.  **CREDIT CARD-CITI BANK** | **Arrow Financial Services** | | | | |
| 2.  **CREDIT CARD** | **Banco Popular North America** | | | | |
| 3.  **GAS CHARGE CARD** | **BP Amoco Citi Cards** | | | | |
| 4.  **CREDIT CARD** | **Capital One** | | | | |
| 5.  **CREDIT CARD** | **Citi Cards** | | | | |
| 6.  **MEDICAL BILL** | **Elmhurst Hospital** | | | | |
| 7.  **CREDIT CARD** | **FBCS** | | | | |
| 8.  **CREDIT CARD** | **FIRST RESOLUTION INVESTMENT, CORP.** | | | | |
| 9. | **GENERAL MOTORS ACCEPTANCE CORP.** | | | | |
| 10.  **CREDIT CARD** | **PFG of Minnesota** | | | | |
| 11. | **Plaza Associates** | | | | |
| 12.  **JUDGMENT 12-19-06** | **RESURGENCE FINANCIAL, LLC** | | | | |
| 13.  **REVOLVING CHARGE CARD** | **Retailers National Bank** | | | | |
| 14.  **REVOLVING CHARGE CARD** | **Retailers National Bank** | | | | |
| 15.  **REVOLVING CHARGE CARD** | **Sears** | | | | |
| 16.  **RENT FOR LAST RESIDENTIAL APARTMENT LEASE** | **The Moorings Apartment** | | | | |
| 17.  **CELL PHONE** | **T-Mobile** | | | | |
| 18.  **CHARGE CARD** | **Wal-Mart** | | | | |
| 19.  **CHARGE CARD** | **WFNNB** | | | | |
| 20.  **CHARGE CARD** | **WFNNB** | | | | |

Form 8-Cont.
(10/05)

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **None** | | |

Date:   **8/13/2007**                    **s/ RITA A CASTRO**

Signature of Debtor

Form B22A (Chapter 7) (10/05)

| In re **RITA A CASTRO** | According to the calculations required by this statement: |
|---|---|
| Debtor(s) | ☐  **The presumption arises** |
| Case Number: | ☑  **The presumption does not arise** |
| (If known) | (Check the box as directed in Parts I, III, and VI of this statement.) |

## STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION
### FOR USE IN CHAPTER 7 ONLY

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| | Part I. EXCLUSION FOR DISABLED VETERANS |
|---|---|
| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the "Presumption does not arise" box at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐  **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |

| | Part II. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑  Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐  Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐  Married, not filing jointly, without the declaration of separate households set out in line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.**<br>d. ☐  Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.** | | |

| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | **COLUMN A**<br>DEBTOR'S<br>INCOME | **COLUMN B**<br>SPOUSE'S<br>INCOME |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $3,583.00 | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><table><tr><td>a.</td><td>Gross Receipts</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 0.00</td></tr><tr><td>c.</td><td>Business income</td><td>Subtract Line b from Line a</td></tr></table> | $0.00 | $ |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><table><tr><td>a.</td><td>Gross Receipts</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$</td></tr><tr><td>c.</td><td>Rental income</td><td>Subtract Line b from Line a</td></tr></table> | $0.00 | $ |
| 6 | **Interest, dividends, and royalties.** | $0.00 | $ |
| 7 | **Pension and retirement income.** | $0.00 | $ |
| 8 | **Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include contributions from the debtor's spouse if Column B is completed. | $0.00 | $ |

| | | | |
|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____   Spouse $ _____ | $ | $ |
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount.<br><br>a. _____    $ _____<br><br>Total and enter on Line 10. | $0.00 | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | $3,583.00 | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $  3,583.00 | |

| | Part III.  APPLICATION OF § 707(b)(7) EXCLUSION | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $42,996.00 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:    **IL**            b. Enter debtor's household size:    **2** | $53,320.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☑   **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐   **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15).**

| | Part IV.  CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2) | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT regularly contributed to the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

| | Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2) | |
|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | |
| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| 20B | **Local Standards: housing and utilities; mortgage/rental expense.** Enter, in Line b below, the amount of the IRS Housing and Utilities Standards; Mortgage/Rental Expense for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |
|---|---|---|

| | a. | IRS Housing and Utilities Standards; Mortgage/Rental Expense | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by home, as stated in Line 42. | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>$ |
|---|---|

| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.   ☐ 0   ☐ 1   ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☒ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 41; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42. | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | $ |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|

| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | $ |
|---|---|---|

| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
|---|---|---|

| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 44.** | $ |
|---|---|---|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare. **Do not include payments made for children's education.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services:** Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance, or internet services necessary for the health and welfare of you or your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="3" align="center">**Subpart B: Additional Expense Deductions under § 707(b)**<br>**Note: Do not include any expenses that you have listed in Lines 19 through 32.**</td></tr>
</table>

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the average monthly amounts that you actually expend in each of the following categories and enter the total. | |
|---|---|---|

| a. | Health Insurance | $ |
|---|---|---|
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |
| | | Total: Add Lines a, b and c |

(Line 34 total) $

| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 29.** | $ |
|---|---|---|
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. | $ |
| 37 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.** Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ |

| Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | | |

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | | | $ |
| | | Total: Add Lines a, b and c | $ |

| 43 | **Past due payments on secured claims.** If any of the debts listed in Line 42 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property. List any such amounts in the following chart and enter the total. If necessary, list additional entries on a separate page. | | |

| | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | Total: Add Lines a, b and c | $ |

| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ | |
|---|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

| Subpart D: Total Deductions Allowed under § 707(b)(2) | |
|---|---|

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

| | **Part VI.  DETERMINATION OF § 707(b)(2) PRESUMPTION** | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $6,000** Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $10,000.** Check the "Presumption arises" box at the top of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $6,000, but not more than $10,000.** Complete the remainder of Part VI (Lines 53 through ). | |
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

| | **Part VII.  ADDITIONAL EXPENSE CLAIMS** | |
|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect you average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| | Total: Add Lines a, b, and c | $ |

| | **Part VIII:  VERIFICATION** |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: __8/13/2007__         Signature: **s/ RITA A CASTRO**<br>                                                                      **RITA A CASTRO,** (Debtor) |

## Income from all other sources (continued)

## Future payments on secured claims (continued)

| Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|
| | | |

## Past due payments on secured claims (continued

| Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|
| | | |

## Other Expenses (continued)

| Expense Description | Monthly Amount |
|---|---|
| | |

Official Form 23
(10/05)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
### Eastern Division

In re  **RITA A CASTRO**                                                              ,        Case No._____

                                                         Debtor                 Chapter  **7**  _____

## DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE
## CONCERNING PERSONAL FINANCIAL MANAGEMENT

*[Complete one of the following statements.]*

☑  I,    **RITA A CASTRO**                                           , the debtor(s) in the above-
       (Printed Name(s) of Debtor and Joint Debtor, if any)
styled case hereby certify that on  **07/20/2007**      I completed an instructional
                                            (Date)
course in personal financial management provided by    **CONSUMER CREDIT COUNSELING SERVICE OF MCHENRY COUNTY, INC.**
                                                                     (Name of Provider)
an approved personal financial management instruction provider. If the provider furnished a
document attesting to the completion of the personal financial management instructional course,
a copy of that document is attached.

☐  I,    _____ , the debtor(s) in the above-
       (Printed Name(s) of Debtor and Joint Debtor, if any)

styled case hereby certify that no personal financial management course is required, because:
*[Check the appropriate box.]*

☐  I am incapacitated or disabled, as defined in 11 U.S.C. § 109(h)

☐  I am on active military duty in a military combat zone; or

☐  I reside in a district in which the United States trustee (or the bankruptcy administrator, if
any) has determined that the approved instructional courses are not adequate at this time to
serve the additional individuals who would otherwise be required to complete such courses.

Signature of Debtor:  **s/ RITA A CASTRO**                                           _
                              **RITA A CASTRO**

Date:  **8/13/2007**           _

Official Form 24
(10/05)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

### Eastern Division

In re  **RITA A CASTRO** _____,     Case No. _____

                                  Debtor                 Chapter  **7** _____

## CERTIFICATION TO COURT OF APPEALS
## BY ALL PARTIES

A notice of appeal having been filed in the above-styled matter on _____, _____,
_____, and _____,  *[Names of all the appellants and all the appellees, if any],*  who
are all the appellants [and all the appellees] hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified
in 28 U.S.C. § 158(d)(2) exists as stated below.

Leave to appeal in this matter☐  is ☑  is not required under 28 U.S.C. § 158(a).

*[The certification shall contain one or more of the following statements, as is appropriate to the circumstances.]*

*Or*

*Or*

*[The parties may include or attach the information specified in Rule 8003(f)(3)(C).]*

Official Form 24, Cont'd.                                                                    Page 2

Signed: *[If there are more than two signatories, all must sign and provide the information requested below. Attach additional signed sheets if needed.]*

_____
Attorney for Appellant (or Appellant,
if not represented by an attorney)

**Bennett R. Klasky**
_____
Printed Name of Signer

**555 Skokie Blvd.**
**Ste. 500**
**Northbrook, IL**
**60062**
_____
Address

**847-480-1020**
_____
Telephone No.

**8/13/2007**
_____
Date

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
### Eastern Division

In re:   **RITA A CASTRO** _____     Case No. _____
                                                          Chapter   **7** _____
                    Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                                   $ _____**750.00**

   Prior to the filing of this statement I have received                          $ _____**0.00**

   Balance Due                                                                    $ _____**750.00**

2. The source of compensation paid to me was:

   ☐  Debtor                      ☐  Other (specify)

3. The source of compensation to be paid to me is:

   ☐  Debtor                      ☐  Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
      of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
      my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
      attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
      a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e) [Other provisions as needed]
      **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **8/13/2007** _____

                                              _____
                                              **Bennett R. Klasky, Bar No.**

                                              **Law Offices of Alan Fridman/B. Klasky**
                                              Attorney for Debtor(s)

B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

### 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| **Bennett R. Klasky** | 8/13/2007 |
| Printed Name of Attorney | Signature of Attorney                    Date |

Address:

**Law Offices of Alan Fridman/B. Klasky**
**555 Skokie Blvd.**
**Ste. 500**
**Northbrook, IL**
**60062**
**847-480-1020**

### Certificate of the Debtor

I , the debtor, affirm that I have received and read this notice.

| | |
|---|---|
| **RITA A CASTRO** | X **s/ RITA A CASTRO**          8/13/2007 |
| Printed Name of Debtor | **RITA A CASTRO** |
| | Signature of Debtor                    Date |

Case No. (if known) _____

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re  **RITA A CASTRO**                                    Case No.

Debtor.                                                    Chapter    **7**

## STATEMENT OF MONTHLY NET INCOME

The undersigned certifies the following is the debtor's monthly income .

| Income: | Debtor |
|---|---|
| Six months ago | $ **0.00** |
| Five months ago | $ **0.00** |
| Four months ago | $ **0.00** |
| Three months ago | $ **0.00** |
| Two months ago | $ **0.00** |
| Last month | $ **0.00** |
| Income from other sources | $ **0.00** |
| Total net income for six months preceding filing | $  **0.00** |
| **Average Monthly Net Income** | $  **0.00** |

Attached are all payment advances received by the undersigned debtor prior to the petition date, I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

Attached are all payment advances received by the undersigned debtor prior to the petition date, we declare under penalty of perjury that we have read the foregoing statement and that it is true and correct to the best of our knowledge, information, and belief.

Dated:  8/13/2007

s/ RITA A CASTRO

**RITA A CASTRO**

Debtor